No. 61,357

In the Matter of J. WILLIAM STAPLETON, *Respondent.*

(753 P.2d 1278)

Opinion filed April 29, 1988.

*Bruce E. Miller,* disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* deputy disciplinary administrator, was with him on the brief for petitioner.

*J. Chris Morse,* of Kansas City, argued the cause and was on the brief, and *J. William Stapleton* argued the cause pro se for respondent.

*Per Curiam*: This original action in discipline was filed by the Office of the Disciplinary Administrator against J. William Stapleton, of Overland Park, an attorney admitted to the practice of law in Kansas. Extensive exceptions were filed to the report of the hearing panel of the Board for Discipline of Attorneys. The thrust of many of these exceptions is that the panel should have believed respondent's testimony relative to disputed facts rather than the testimony of the complainant.

Mickey Gitlin, President of Alcops, Inc., brought an action in the Johnson County District Court (Case No. C 133386) against Kenneth Melichar, who had formerly been an employee of Alcops, Inc. The petition alleged that Melichar had violated a covenant not to compete and had converted corporation assets. Melichar filed a counterclaim claiming unpaid wages. Throughout these stages of the action, Alcops was represented by the law firm of Bronston and Smith. In December of 1984, Mickey Gitlin retained respondent to represent the corporation in the Melichar action, paying a $1,000.00 retainer. No response had been filed to the counterclaim by the first attorneys representing Alcops and respondent did not file an answer thereto. Problems arose relative to discovery. Interrogatories and requests for production of documents filed by Melichar were met with no response. A subsequent motion to compel was ignored. Melichar filed motions for dismissal of the petition and for summary judgment on his counterclaim. The hearing on these motions was set for October 18, 1985. Respondent did not appear for the hearing and the motions were sustained. Charles Droege subsequently entered his appearance on behalf of Alcops in the Melichar action

and was successful in having the court's actions of October 18, 1985, set aside.

An additional part of the complaint herein concerns a $2,200.00 loan Gitlin made to respondent on May 1, 1985. Respondent signed a note for this loan. The loan was not repaid and judgment was entered against respondent on the loan on May 8, 1987.

Further, respondent failed to cooperate with the Disciplinary Administrator in the investigation of this complaint.

The panel's conclusions of law are as follows:

"1. The panel concludes that J. William Stapleton failed to represent Alcops, Inc., competently in violation of DR 6-101 by neglecting the legal matter entrusted to him. Respondent also violated that disciplinary rule by failing to respond to pleadings, failing to file timely discovery responses, failing to respond to dispositive motions, and failing to appear for a hearing on said motions.

"2. Respondent violated DR 1-102(A)(4) in his private financial dealings with Mr. Gitlin. Respondent also violated DR 5-104(A) by borrowing funds from Mr. Gitlin and failing to separate the loan transaction from his professional services. As a result of respondent's failure to account for the fees advanced to him, and his attempt to treat other funds borrowed from Mr. Gitlin as being repayable through professional services, respondent defeated the purpose of DR 9-102.

"3. Respondent violated Supreme Court Rule 207(a) by failing to cooperate with the investigation of the Disciplinary Administrator."

"Having carefully considered the charges of misconduct and the evidence presented at the hearing, the panel concludes that J. William Stapleton should be suspended from the practice of law for his misconduct. The panel recognizes that respondent may have accepted employment by Mr. Gitlin's detective agency in circumstances which would prompt other attorneys to withdraw immediately. Four lawyers represented Mr. Gitlin's firm before the foray ended. Lack of cooperation and frustration may be experienced by an attorney in the representation of a client, but a lawyer's conduct cannot be measured by that of the client. Adherence to the standards of professional responsibility is essential in all circumstances. Respondent has failed to abide by the rules of professional responsibility in this instance. The panel believes that respondent should be considered for reinstatement following a suspension of brief duration."

In his exceptions filed herein, respondent argues that: (1) Mr. Gitlin was a very difficult client who refused to comply with the requested discovery procedures; (2) the $2,200.00 loan was to be repaid in cash or services (the services alternative was denied by Gitlin); and (3) he had no knowledge of the October 18, 1985, hearing date (there was evidence to the contrary). However, in his brief herein, respondent concedes the following:

"1. Respondent should have attempted to answer the defendant's counterclaim out of time even though it had been on file over three months before he was retained. However, no harm came to his client due to his failure to do so.

"2. Respondent should have sent out periodic written fee statements to Mr. Gitlin.

"3. Respondent should have withdrawn from representation of Mr. Gitlin and Alcops when it became apparent that there would be no cooperation with discovery request.

"4. The respondent should never have accepted money from Mr. Gitlin in the form of a loan.

"5. The respondent should have made a greater effort to cooperate with the investigator Carol Leek, and because of the difficulty of phone communications he should have promptly responded to her in writing."

Respondent then urges the court to impose the discipline of public censure rather than the discipline of suspension from the practice of law as recommended by the panel.

After reviewing the record, we are satisfied there is clear and convincing evidence supporting the panel's conclusions that respondent violated DR 1-102(A)(4) (1987 Kan. Ct. R. Annot. 123), DR 5-104(A) (1987 Kan. Ct. R. Annot. 140), DR 6-101 (1987 Kan. Ct. R. Annot. 143), and Rule 207(a) (1987 Kan. Ct. R. Annot. 105).

Although it is a close question, we conclude that the proper discipline to be imposed is that of public censure pursuant to Rule 203(a)(3) (1987 Kan. Ct. R. Annot. 102).

It is Therefore Ordered that J. William Stapleton be and he is hereby disciplined by public censure for the violations herein.

It is Further Ordered that a copy of this order be published in the official Kansas Reports and that the respondent pay the costs of this proceeding.

Effective this 29th day of April, 1988.