No. 66,026

In the Matter of J. WILLIAM STAPLETON, *Respondent.*

(819 P.2d 125)

Opinion filed October 25, 1991.

*J. William Stapleton* appeared pro se, and *J. Chris Morse,* of Kansas City, argued the cause and was on the brief for respondent.

*Paula B. Martin,* deputy disciplinary administrator, argued the cause and *Bruce E. Miller,* disciplinary administrator, was with her on the brief for petitioner.

*Per Curiam:* This original proceeding in discipline filed by the office of the disciplinary administrator against J. William Stapleton, of Overland Park, Kansas, charged the respondent with various violations of the Model Rules of Professional Conduct (MRPC), Supreme Court Rule 226 (1990 Kan. Ct. R. Annot. 210). In a second count the respondent was charged with failure to cooperate with the disciplinary administrator's office in violation of Supreme Court Rule 207 (1990 Kan. Ct. R. Annot. 141).

The original complainant, Ronald McLemore, and his present wife, Jill McLemore, retained Mr. Stapleton to represent Mr. McLemore in various post-trial divorce motions he desired to file in an action involving a former spouse. The complainant, being dissatisfied with the representation provided by the respondent, filed a complaint with the disciplinary administrator. During the ensuing investigation, the respondent failed to cooperate with or respond to inquiries and requests from the disciplinary administrator's office and subsequently stipulated that he had violated Rule 207.

Following a hearing before a panel of the Kansas Board for Discipline of Attorneys, at which respondent appeared with counsel, the panel found that respondent had violated three provisions of the MRPC in addition to his violation of Rule 207. The panel unanimously recommended that respondent be suspended from the practice of law. The respondent filed exceptions to the report and, after briefing and oral argument, the matter is now before this court for final determination.

Respondent, in his brief, raised three issues: (1) whether the panel's findings of fact are supported by clear and convincing evidence; (2) whether respondent's representation of complainant was within the permissible range of competency required of an attorney; and (3) whether the discipline recommended by the panel is appropriate or necessary.

The panel in its report summarized the complaint and evidence as follows:

"The complaining witness, Ronald McLemore, thought his present wife phoned the respondent probably in about May of 1989 for the purpose of having the respondent represent him for reduction of child support and to obtain specific visitation rights in a post-divorce situation with McLemore's former wife. The respondent took this employment and asked for a retainer of $250 which was mailed to respondent in June of 1989. That thereafter the respondent would not answer communications from the complaining witness, but finally on July 20, 1989, the respondent did tell McLemore that the respondent had filed a motion with the court concerning these post trial motions. The record shows that this motion was filed on that same date of July 20, 1989, but McLemore never received a copy of this motion. That McLemore or his present wife on several occasions called the respondent with information concerning McLemore's former wife in relation to the post trial motions. This information was to the effect that the former wife was moving to Florida with the children and further that McLemore and his former wife had worked out an agreement concerning custody of their children.

"The evidence then shows that the respondent agreed to file a motion for joint custody of the children and to draft an agreement concerning the custody of the children between McLemore and his former wife. That time was of the essence because of the pending move of the former wife to Florida with the children and by reason thereof she was expressing cooperation with an agreement.

"The respondent did not file such a motion for joint custody and did not draft an agreement between McLemore and his former wife concerning the children. The complaining witness tried to communicate with the respondent by telephone on numerous occasions concerning these legal matters and the respondent did not return the phone calls. McLemore called the Clerk of the District Court to ascertain the status of this case and found that no motions regarding joint custody had ever been filed by respondent.

"The respondent's version of the facts was somewhat different than McLemore and his present wife, and the respondent's version of the situation, in substance, was that the respondent was just retained for the purpose of filing a motion for reduction of child support. Respondent testified that he had talked to McLemore and his present wife about filing a change

of custody of McLemore's children, but that McLemore did not want to go ahead with this matter.

"Respondent further introduced as evidence copies of two letters which he had sent to complaining witness, but the testimony was that they had never received the same.

. . . .

"That at the conclusion of the hearing the panel, at respondent's request, gave him thirty days to submit any additional evidence . . . of mitigating circumstances he desired to present to the panel.

"It should be noted that no additional evidence has been submitted to the panel by the respondent other than that that was received at the hearing."

The record, which we have carefully examined, contains numerous documents and a 211-page transcript of the proceedings before the panel. The complainant, his present wife, and the respondent all testified at length before the panel. The foregoing factual background in the panel report is a highly summarized version of the evidence in the record. Based upon the documentary evidence and the testimony before it, the panel found:

"The panel finds that the following matters are established by clear and convincing evidence:

"1. J. William Stapleton is an attorney at law holding registration number 08063 with his last registered office being located at 4550 West 109th Street, Suite 230, Overland Park, Kansas 66211.

"2. That the respondent accepted employment on behalf of respondent McLemore regarding post-divorce motions which were originally, in substance, to modify child support and to obtain specific child visitation rights and that Ronald McLemore paid a retainer to respondent in the sum of $250 in June of 1989.

"3. That McLemore or his present wife tried to communicate with respondent on several occasions concerning this employment and could not communicate with respondent. Further that McLemore never received any copies of any motions or pleadings filed on his behalf.

"4. That on July 20, 1989, the present wife of McLemore was able to talk to the respondent by telephone and respondent at that time told her that he had filed these post divorce motions. That thereafter this witness then determined through the Clerk of the District Court that a motion to decrease child support only had been filed on the same date of July 20, 1989.

"5. That McLemore received information that his former wife was moving to Florida with the children of this marriage and [for] this reason the former wife was willing to enter into an agreement for custody of the children. That this information was furnished to the respondent to draft such an agreement and further to file a motion for joint custody of the children.

That time was of the essence by reason of this pending move to Florida by the former wife. That respondent failed to file such a motion or to file an agreement between McLemore and his former wife.

"6. The parties have stipulated that respondent violated SC Rule 207 in that he failed to cooperate with the Disciplinary Administrator's office or its investigator."

The panel then concluded there was clear and convincing evidence that the respondent had violated MRPC 1.1 (1990 Kan. Ct. R. Annot. 216) in failing to provide competent representation to his client; MRPC 1.3 (1990 Kan. Ct. R. Annot. 219) in failing to act with reasonable diligence and promptness; and MRPC 1.4 (1990 Kan. Ct. R. Annot. 220) in failing to keep his client reasonably informed about the status of the case and in failing to comply with reasonable requests for information from the client. After a careful review of the entire record, we conclude that the findings of the panel that the respondent violated MRPC 1.1, MRPC 1.3, and MRPC 1.4 are supported by clear and convincing evidence.

The hearing panel of the Kansas Board for Discipline of Attorneys, after considering the respondent's prior disciplinary record, recommended that he be suspended from the practice of law. The respondent was informally admonished by the disciplinary administrator in 1985 and received public censure from this court in 1988. *In re Stapleton*, 243 Kan. 146, 753 P.2d 1278 (1988). In both of those disciplinary matters it was determined, *inter alia*, that Mr. Stapleton had neglected legal matters entrusted to him and had failed on at least one prior occasion to cooperate with the disciplinary administrator's office. In reaching its recommendation for suspension in this case, the panel stated:

"The Panel, in response to its request for aggravating or mitigating evidence regarding this respondent has had submitted to the panel the following:

"That there have been prior violation complaints filed against the respondent, which are as follows:

"[In] *In the Matter of J. William Stapleton*, 243 Kan. 146, it is reported a prior complaint was filed against this respondent and the Supreme Court of Kansas ordered that the respondent be disciplined by public censure. Also, a prior complaint has been filed against this respondent under Case W-3724, which resulted in an informal admonition.

"The Panel observes that the facts as reported under Case W3724 were very similar to the present case. In that case the respondent had also

represented a party in a marital dispute and had failed to communicate with his client. Also, in that particular case the respondent claimed he had mailed letters to the complaining witness, but once again the complaining witness testified she did not receive the same, which is the same situation in our present complaint.

"Therefore, having carefully considered the charges of misconduct and the evidence presented at the hearing and receiving information on prior complaints that have been filed against the respondent and further receiving letters of recommendation for the respondent, the Panel concludes and recommends that J. William Stapleton be suspended from the practice of law.

"The Panel recognizes that the facts involved in the present complaint without any prior history would probably have resulted in a less serious recomendation, but the Panel feels that by reason of the respondent's failure to cooperate with the office of the disciplinary administrator on this and at least one other occasion, and by reason of the prior findings of misconduct against the respondent, the respondent should be suspended from the practice of law."

We agree with the findings and conclusions of the panel and impose discipline upon J. William Stapleton of one year's suspension from the practice of law in Kansas.

IT IS THEREFORE ORDERED that J. William Stapleton be and he is hereby suspended from the practice of law in the State of Kansas for one year.

IT IS FURTHER ORDERED that this opinion and order be published in the official Kansas Reports, that Respondent comply with Rule 218 (1990 Kan. Ct. R. Annot. 155), and that the costs herein be assessed to the respondent.

Effective this 25th day of October, 1991.